IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA        :

      -v-                          :        08-CR-   **08 CR 147**

CRAIG SCHIEDER,              :

        Defendant.         :

---

**FILED**
JUN 1 0 2008
CLERK, US DISTRICT COURT, WDNY

## **PLEA AGREEMENT**

The defendant, CRAIG SCHIEDER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. **THE PLEA AND POSSIBLE SENTENCE**

1. The defendant agrees to waive indictment and plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 1343 (fraud by wire), for which the maximum sentence is a term of imprisonment of twenty years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of three years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that he has violated any of the terms or conditions of supervised release, he may be required to serve in prison all or part of the term of supervised release, up to two years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

3. The defendant understands that, as part of the sentence, the Court must require restitution pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A, and the defendant further agrees, pursuant to 18 U.S.C. Section 3663A(a)(3), that the amount of such restitution shall be $400,530.06, minus any payments made prior to sentencing, including but not limited to payments made pursuant to the order of New York State Supreme Court Justice John P. Lane dated December 8, 2005.

II. **ELEMENTS OF THE CRIME AND FACTUAL BASIS**

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if the case proceeded to trial, the government would be required to prove

beyond a reasonable doubt each of the following elements of the crime. The defendant: a) knowingly devised a scheme to defraud or to obtain money by means of false pretenses, representations or promises; b) knowingly transmitted writings or other communications by wire in interstate or foreign interstate; and c) the wire transmissions were done for the purpose of executing the aforementioned scheme.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the guilty plea including relevant conduct:

> The defendant personally directed the business affairs of Best Buy Laundry, Inc. (BBL) and Best Buy Vending, Inc. (BBV). BBL sold reconditioned commercial laundry machines, and BBV sold reconditioned vending machines. The businesses were located at various times in North Tonawanda, New York and Cheektowaga, New York.
>
> The defendant advertised BBL and BBV through the Internet, and communicated with his customers through e-mail and by telephone. BBL and BBV received payments in the Western District of New York by checks received in the U.S. Mail, by private commercial carriers, or by payments wired from the customers' banks to accounts controlled by the defendant at banks in the Western District of New York.
>
> From June 2005 through November 2005, while the businesses were experiencing financial problems, the defendant required customers to send advance payments as deposits on purchases of vending machines and laundry equipment. The defendant sometimes sent pictures of items to customers that purportedly were available for purchase but actually were not.

3

The financial condition of BBL and BBV as of June 2005 was such that the defendant could not fill old orders without receiving money for new orders, and the defendant understood that customers making such advance payments would have been unwilling to do so if they had known their money was being used to fill old orders. The defendant acknowledged that by operating in this fashion he was "Robbing Peter to pay Paul."

Beginning in on or about June 7, 2005, and continuing until on or about November 29, 2005, the defendant, through BBL and BBV, having undertaken a plan to advertise reconditioned laundry and vending machines as available for delivery, when in fact he knew they were not available for delivery, and to receive payments for such machines by means that included interstate wire transfers and checks delivered to BBL and BBV through the U.S. Mail and private commercial carriers, knowingly received money from customers of BBL and BBV as indicated in the Table below.

| Transaction Date | Location of Customer | Method & Amount of Payment | Company |
| --- | --- | --- | --- |
| June 7, 2005 | Toledo, OH | Wire Transfer to BBL: $4,170 | Best Buy Laundry |
| June 21, 2005 | Newport News, VA | Wire Transfer to BBL: $1,500 | Best Buy Laundry |
| August 2, 2005 | Elizabethton, Tennessee | check to BBL $10,155 | Best Buy Laundry |
| August 29, 2005 | Tell City, Indiana | Wire Transfer to BBL: $28,480 | Best Buy Laundry |
| Sept. 26, 2005 | Savannah, Georgia | Check to BBL $1,995 | Best Buy Laundry |
| October 25, 2005 | Dracut, Massachusetts | Wire Transfer to BBV: $10,000 | Best Buy Vending |
| November 11, 2005 | Kansas City, Kansas | Wire Transfer to BBL: $10,000 | Best Buy Laundry |
| November 29, 2005 | Sarpeta, Louisiana | Wire Transfer to BBL: $16,475 | Best Buy Laundry |

Accordingly, the amount of loss based upon the above described conduct is $82,775.

## III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §2B1.1(a)(1) applies to the offense of conviction and prescribes a base offense level of 7.

### SPECIFIC OFFENSE CHARACTERISTICS

8. The government and the defendant agree that the offense level will be increased by eight levels pursuant to Guidelines Section 2B1.1(b)(1)(E), because the offense involved a loss exceeding $70,000 but not exceeding $120,000. Accordingly, the adjusted offense level for the offense of conviction is 15.

### ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two-level downward adjustment prescribed by Guidelines Section 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 13.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this case the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw his guilty plea on account of the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of **13** and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **12 to 18** months, a fine of $3,000 to $30,000, and a period of supervised release of three years. Notwithstanding this, the defendant understands that at sentencing he is subject to the maximum penalties set forth in paragraph 1 of this agreement.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement, and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or

recommend a sentence outside the Guidelines, except as specifically set forth in paragraph 13 of this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The defendant specifically reserves the right to argue for a non-guidelines sentence outside the otherwise applicable guidelines range based upon the history and characteristics of the defendant, and, specifically, the defendant's having obtained and maintained employment since March 2007, his family obligations as a married father of two, and the mental health issues he has encountered from 2005 to the present. The government reserves the right to oppose this motion.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw his guilty plea on account of the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

15. In the event that the defendant's guilty plea is withdrawn, or if his conviction is vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government, and he further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the facts set forth in Section II of this Plea Agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

16. The defendant understands that the government has reserved the right to:

> a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

> b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the

information and evidence available to the government;

c. advocate for a specific sentence, including the imposition of restitution;

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor; and

e. oppose any application for a sentence outside the guideline range.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### Waiver of Right to Post Conviction DNA Testing of Physical Evidence

18. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, he may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntary waives, for all purposes, any right to request DNA testing of any such evidence.

## VI. APPEAL RIGHTS

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III above, notwithstanding the manner in which the Court determines the sentence.

20. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the

government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

22. This plea agreement represents the total agreement between the defendant and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: *[signature]*
PAUL J. CAMPANA
Assistant U. S. Attorney

Dated: *June 10*, 2008

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my guilty plea. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
CRAIG SCHIEDER
Defendant

Dated: 6-19-08, 2008

_____
ROXANNE MENDEZ JOHNSON, ESQ.
Attorney for the Defendant

Dated: June 10, 2006, 2008